IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CONNY MULLIS,

    Plaintiff

v.

JOHN DOE (individual party whose true
identity is unknown); JANE DOE (individual
party whose true identity is unknown);
LANDSTAR RANGER, INC.; CARDINAL
LOGISTICS MANAGEMENT CORPORATION;
PLY GEM SPECIALTY PRODUCTS, LLC; and
FICTICIOUS COMPANY A, B, C, D, E, F, and H
(several entity parties whose true identities are unknown).

    Defendants

## DEFENDANT PLY GEM SPECIALTY PRODUCTS, LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Ply Gem Specialty Products, LLC ("Ply Gem"), hereby gives notice of removal of this lawsuit, captioned *Conny Mullis v. Ply Gem Specialty Products, LLC, et al.* bearing case number 2022CV30508, from the 8th Judicial District Court of the State of Colorado in Larimer County, Colorado to the United States District Court for the District of Colorado. Pursuant to 28 U.S.C. § 1446(a), Ply Gem provides the following statement of grounds for removal.

### Introduction

1. This matter arises out of a premises liability action that occurred on or about August 27, 2019. Plaintiff Conny Mullis ("Plaintiff") has sued for injuries allegedly sustained from the improper stacking of windows by employees of Ply Gem, and other named Co-Defendants. At the time of the alleged incident, Plaintiff was working for his employer, Katerra Construction Company

1

("Katerra"), at a jobsite in Fort Collins, CO.

2.	As discussed in more detail below, Ply Gem removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship.

3.	Plaintiff Conny Mullis is an individual who has been temporarily released on parole and is currently serving the remainder of his prison sentence in the state of Colorado according to the Colorado Department of Corrections. Additionally, Plaintiff has self-identified that he lives in Fort Collins, Colorado according to his online public Facebook profile. Thus, for purposes of diversity jurisdiction, Plaintiff is deemed a citizen of the state of Colorado.

4.	Furthermore, for purposes of diversity jurisdiction, Ply Gem is deemed to be a citizen of North Carolina (Ply Gem's principal place of business) and Delaware (Ply Gem's state of incorporation); Landstar Ranger, Inc. ("Landstar") is deemed to be a citizen of Florida (Landstar's principal place of business) and Delaware (Landstar's state of incorporation); and Cardinal Logistics Management Corporation ("Cardinal") is deemed to be a citizen of the state of North Carolina (Cardinal's principal place of business and state of incorporation).

5.	Accordingly, complete diversity of citizenship exists as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for "extensive physical injuries," as well as damages for Plaintiff's alleged past and future economic, and non-economic, damages and/or expenses.

**Background and Procedural History**

6.	Plaintiff commenced this lawsuit in the 8th Judicial District Court for the County of Larimer, Colorado by filing a complaint, captioned *Conny Mullis v. Ply Gem Specialty Products, LLC, et al.* bearing case number 2022CV30508, on or about August 2, 2022 (the "State Court Action").

7. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served on Ply Gem in the State Court Action are attached as **Exhibits 1 and 2.**

8. Additionally, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in the State Court Action, and a copy of the Register of Actions for the State Court Action are attached as **Exhibits 3-5.**

9. Plaintiff seeks damages for "extensive physical injuries," as well as damages for Plaintiff's alleged past and future damages, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life. *See, e.g.*, Complaint ¶¶ 16-20.

## Basis For Removal – Diversity Jurisdiction

10. Removal of the State Court Action is proper under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of different states.

11. According to the Complaint, Plaintiff is, at all times relevant to this proceeding, a resident and citizen of the State of Colorado. Complaint ¶ 1. As mentioned above, Plaintiff has been temporarily released on parole and is currently serving the remainder of his prison sentence in the state of Colorado according to the Colorado Department of Corrections. **See Exhibit 6**. Additionally, Plaintiff has self-identified that he lives in Fort Collins, Colorado according to his online public Facebook profile. **See Exhibit 7**. Thus, for purposes of diversity jurisdiction, Plaintiff is deemed a citizen of the state of Colorado.

12. Ply Gem is and was at the time the State Court Action was filed, a corporation incorporated under the laws of Delaware, with its principal place of business in North Carolina. For purposes of federal diversity jurisdiction, Ply Gem is a citizen of Delaware and North Carolina. 28

3

U.S.C. § 1332(c)(1). **See Exhibit 8**.

13. Landstar is and was at the time the State Court Action was filed, a corporation incorporated under the laws of Delaware, with its principal place of business in Florida. For purposes of federal diversity jurisdiction, Landstar is a citizen of Delaware and Florida. 28 U.S.C. § 1332(c)(1). **See Exhibit 9**.

14. Cardinal is and was at the time the State Court Action was filed, a corporation incorporated under the laws of Delaware, with its principal place of business in North Carolina. For purposes of federal diversity jurisdiction, Cardinal is a citizen of Delaware and North Carolina. 28 U.S.C. § 1332(c)(1). **See Exhibit 10**.

15. Because Plaintiff is a citizen of Colorado, Ply Gem is a citizen of Delaware and North Carolina, Landstar is a citizen of Delaware and Florida, and Cardinal is a citizen of Delaware and North Carolina, complete diversity of citizenship between Plaintiff and Defendants exists.

16. The amount-in-controversy requirement is also satisfied. The Complaint seeks the following damages for "extensive physical injuries" related to Plaintiff's alleged losses:

> "As a direct and proximate result of Defendants' negligence, the Plaintiff incurred past and future economic expenses, losses and damages, including, but not limited to, past and future medical expenses and other economic losses.
>
> As a direct and proximate result of Defendants' negligence, the suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, impairment of quality of life."

Complaint ¶¶ 19-20.

17. Therefore, based on Plaintiff's request for the damages sought, it is plausible that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include

only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (holding that the amount-in-controversy requirement can be satisfied by an estimate of the potential damages based upon "[a] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000").

18. In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship between Plaintiff, on the one hand, and Ply Gem, Landstar, and Cardinal, on the other hand, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## Procedural Requirements

19. The District Court of the 8th Judicial District, Larimer County District Court, State of Colorado is located within the Federal District of Colorado. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

20. Ply Gem received notice of process of the original Complaint in the State Court Action on August 4, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of August 4, 2022.

21. Counsel for Ply Gem has conferred with all properly joined Defendants and all Defendants who have been properly joined and served have consented to removal of this action pursuant to § 1446(b)(2)(A).

22. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the District Court of the 8th Judicial District, Larimer County District Court, State of Colorado and will be promptly served on Plaintiff.

23. Ply Gem does not waive any legal defenses and expressly reserves its right to raise

any and all legal defenses in subsequent proceedings.

24.     If any question arises as to the propriety of this removal, Ply Gem requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Ply Gem removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and any other applicable laws.


DATED August 25, 2022.

                                                 EVANS FEARS & SCHUTTERT LLP

                                                 */s/ Lee Mickus*
                                                 Lee Mickus, #23310
                                                 Alexandria Layton, #56842
                                                 3200 Cherry Creek Drive South
                                                 Suite 380
                                                 Denver, CO 80209
                                                 Telephone: (303) 656-2199
                                                 lmickus@efstriallaw.com
                                                 alayton@efstriallaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2022, I electronically filed the foregoing **DEFENDANT PLY GEM SPECIALTY PRODUCTS, LLC'S NOTICE OF REMOVAL** was filed and served electronically through Colorado Courts E-Filing upon the following:

Miranda Simpson Yancey
SLOCUMB LAW FIRM, LLC
1127 Auraria Parkway, Suite 204B
Denver, CO 80204
Telephone: (720) 649-4040
myancey@slocumblaw.com

*Attorneys for Plaintiff*

                                                          */s/ Kim Smith*
                                                          For Evans Fears & Schuttert LLP