| | |
|---|---|
| DISTRICT COURT OF THE 8th JUDICIAL DISTRCIT<br>LARIMER COUNTY DISTRICT COURT<br>STATE OF COLORADO<br><br>Court Address: 201 La Porte Ave., Ste. 100<br>Fort Collins, CO 80521<br><br>Phone: 970-494-3500 | DATE FILED: August 2, 2022 12:40 PM<br>FILING ID: 510D40F881FBD<br>CASE NUMBER: 2022CV30508<br><br><br><br>▲ COURT USE ONLY ▲ |
| Plaintiff: **CONNY MULLIS**<br>v.<br>Defendants:<br>**JOHN DOE** (a individual party whose true identity is unknown);<br>**JANE DOE** (a individual party whose true identity is unknown);<br>**LANDSTAR RANGER, INC.**;<br>**CARDINAL LOGISTICS MANAGEMENT CORPORATION**;<br>**PLY GEM SPECIALTY PRODUCTS, LLC**; and<br>**FICTICIOUS COMPANY A, B, C, D, E , F, and H** (several entity parties whose true identities are unknown). | Case Number:<br><br><br>Division: |
| Attorney for Plaintiff:<br>Miranda Simpson Yancey #: 53700<br>SLOCUMB LAW FIRM, LLC<br>1127 Auraria Parkway, Suite 204 B<br>Denver, CO 80204<br>Phone Number: 720-649-4040<br>Fax Number: 720-649-5455<br>Email: myancey@slocumblaw.com | |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

The Plaintiff, Conny Mullis, by and through undersigned attorneys, SLOCUMB LAW FIRM, LLC, hereby submits the following Civil Complaint and Jury Demand and asserts:

**JURISDICTION AND VENUE**

1. At all times relevant to this action, Plaintiff Conny Mullis resided in Colorado.

2. Defendants John Doe and Jane Doe, are individuals and whose true identifies are unknown, henceforth named "Defendants Doe," were involved in the tort complained of herein,

**EXHIBIT 2**

where Plaintiff was injured as a result of Defendant Does' actions and inactions. They are believed to be employees of any of the other entity defendants.

3. Defendant Landstar Ranger Inc. (hereinafter "Landstar") was a Delaware corporation licensed to business in the state of Colorado with a registered agent of The Corporation Trust Company, located at Corporation Trust center, 1209 Orange St., Wilmington, DE 19801.

4. Defendant Cardinal Logistics Management Corporation (hereinafter "Cardinal") was a North Carolina licensed to business in the state of Colorado with a registered agent of CT Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112.

5. Defendant Ply Gem Specialty Products, LLC, (hereinafter "Ply Gem") was a Delaware corporation licensed to business in the state of Colorado with a registered agent of Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

6. Fictitious Company A, B, C, D, E, F, G, and H, which are entities and whose true identifies are unknown, henceforth named "Defendant Companies A-H," were involved in the tort complained of herein, where Plaintiff was injured as a result of Defendant A-Hs' actions and inactions.

7. Venue is proper in the District Court of Larimer County pursuant to C.R.C.P. 98(c), as the tort complained of herein occurred within the City and County of Larimer County.

**FACTUAL ALLEGATIONS**

8. On or about August 27, 2019, Plaintiff was working for their employer, Katerra Construction Company, at a Katerra jobsite in Fort Collins, CO.

9. At said time and place, on information and belief, Defendants Doe were employed by Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H, and working at the time or before of the incident complained of herein. Defendants Doe loaded windows onto a trailer to be delivered at Katerra's jobsite in Fort Collins, CO.

10. At said time and place, Defendant Landstar, Defendant Cardinal, Defendant Ply Gem, and Defendant Companies A-H were present and working either 1) at the same location of the Plaintiff, and/or 2) the location where the windows were loaded onto the trailer and then delivered to Katerra's jobsite in Fort Collins, CO where the injury occurred.

11. Defendants Doe were responsible for stacking windows onto the trailer, that was to be delivered and unloaded at Katerra's jobsite in Fort Collins, CO, at the direction of Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H.

**EXHIBIT 2**

12. At said time and place, Defendants Doe negligently stacked the aforementioned windows too high and in other negligent manners, creating a dangerous condition of the premises.

13. At said time and place, the Plaintiff was injured when the negligently stacked windows fell, crushing the Plaintiff and causing injury.

14. Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H failed to ensure Defendants Doe had been properly trained to manage the loading and/or construction site and keep the area free from dangerous conditions.

15. Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H knew, or should have known, that Defendants Doe were likely to handle the windows, the loading site and/or construction site in such a manner to pose a substantial risk to others, including Plaintiff.

16. The Plaintiff suffered extensive physical injuries as a result of the aforementioned incident and underwent medical treatment, and continues to undergo medical treatment today.

17. The Plaintiff was not comparatively negligent at the time of the incident.

18. The Plaintiff did not cause any of the aforementioned incident.

19. As a direct and proximate result of Defendants' negligence, the Plaintiff incurred past and future economic expenses, losses and damages, including, but not limited to, past and future medical expenses and other economic losses.

20. As a direct and proximate result of Defendants' negligence, the suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress and impairment of quality of life.

**FIRST CLAIM FOR RELIEF**
**Negligence (Defendants Doe)**

21. The Plaintiff incorporates herein by this reference the allegations in the preceding paragraphs of this Complaint, as if set forth herein.

22. Defendants Doe owed the Plaintiff a duty to use reasonable care in the management of the loading site and/or construction site and materials therein.

23. Defendants Doe breached the above referenced duty, without limitation, in the following ways: Stacking the windows in a negligent, careless and reckless manner.

**EXHIBIT 2**

24.     The above listed breaches of duty are a direct and proximate cause of the injuries sustained by the Plaintiff.

25.     As a result of Defendants Doe' breaches of the aforementioned duties, the Plaintiff has sustained economic damages, non-economic damages, and physical impairment as indicated above.

## SECOND CLAIM FOR RELIEF
**Respondeat Superior and Agency (Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H)**

26.     The Plaintiff incorporates herein by this reference the allegations in the preceding paragraphs of this Complaint, as if set forth herein.

27.     At the time of the incident, Defendants Doe were working and/or managing the loading site and/or construction site within the scope of their agency with Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H.

28.     Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H are responsible through Respondeat Superior for the negligent acts and omissions of Defendants Doe that caused the Plaintiff to sustain economic damages, non-economic damages, and physical impairment as indicated above.

## THIRD CLAIM FOR RELIEF
**Negligent Hiring and Retention (Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H)**

23.     The Plaintiff incorporates herein by this reference the allegations in the preceding paragraphs of this Complaint, as if set forth herein.

24.     Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H had a duty to use reasonable care in hiring an employee or agent who was competent and fit to perform the duties required as a handler of windows such as the windows involved in this incident.

25.     Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H failed to use reasonable care in hiring and retaining Defendants Doe as an employee or agent.

28.     Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H knew or should have known that Defendants Doe were not competent or fit for the duties required of them.

**EXHIBIT 2**

29.     Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H negligently hired, and retained Defendants Doe, and as a direct and proximate result of the negligent hiring and retention of Defendants Doe, the Plaintiff sustained economic damages and non-economic damages.

**FOURTH CLAIM FOR RELIEF**
**Negligent Supervision (Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H)**

30.     The Plaintiff incorporates herein by this reference the allegations in the preceding paragraphs of this Complaint, as if set forth herein.

31.     Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H had a duty to supervise Defendants Doe, and therefore to prevent an unreasonable risk of harm to persons, such as the Plaintiff, to whom it knew or should have known Defendants Doe would cause harm by negligently stacking windows.

32.     Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H negligently supervised Defendants Doe, and as a direct and proximate result of the negligent supervision of Defendants Doe, the Plaintiff sustained economic damages and non-economic damages.

**FIFTH CLAIM FOR RELIEF**
**Negligent Entrustment (Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H)**

33.     The Plaintiff incorporate herein by this reference the allegations in the preceding paragraphs of this Complaint, as if set forth herein.

34.     At the time of the incident, Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H was the seller, owner, and/or delivery agent of the windows stacked by Defendants Doe.

35.     Upon information and belief, Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H entrusted the subject windows to Defendants Doe.

36.     Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Companies A-H knew, or should have known, that Defendants Doe were likely to stack the windows in such a manner as to create an unreasonable risk of harm to others, including the Plaintiff.

37.     As a result of this negligent entrustment, Defendants Doe stacked the windows in such a negligent and reckless manner, causing the subject incident that injured Plaintiff.

**EXHIBIT 2**

38.     As a direct and proximate result of the negligent entrustment of the windows, ultimately to Defendants Does, the sustained economic damages, non-economic damages, physical impairment, and disfigurement as indicated above.

### JURY REQUEST

Trial to a jury of six (6) is requested on all issues so triable.

**WHEREFORE, the** Plaintiff pray for judgment against Defendant John Doe, Defendant Jane Doe, Defendant Landstar and/or Defendant Cardinal, and/or Defendant Ply Gem, and/or Defendant Fictitious Company A, Defendant Fictitious Company B, Defendant Fictitious Company C, Defendant Fictitious Company D, Defendant Fictitious Company E, Defendant Fictitious Company F, Defendant Fictitious Company G, and Defendant Fictitious Company H, in an amount to be determined by the trier of fact for their losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other further relief as the Court may deem appropriate, just, and proper.

Dated: August 2, 2022

Respectfully submitted,

SLOCUMB LAW FIRM, LLC

*/s/ Miranda Yancey*
    Miranda Yancey

**EXHIBIT 2**